# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10204 | **DATE** | 1/3/2013 |
| **CASE TITLE** | Anthony Robinson (#2012-1104083) vs. Sheriff Tom Dart | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a constitutional claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]    Docketing to mail notices.

# STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the county sheriff, violated the plaintiff's constitutional rights by subjecting him inhumane conditions of confinement. The plaintiff contends that he was housed in a "condemned" unit for two days. The plaintiff alleges that the showeres were cold, that the building was infested with bugs, mice, and spiders, and that toilet water was "everywhere."

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $22.40 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

To state a claim under 42 U.S.C. § 1983 regarding inhumane jail conditions, a plaintiff must allege facts that, if true, would establish both that: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference to those conditions, i.e., that he or she actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted).

For a conditions-of-confinement claim to rise to the level of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Punishment in the constitutional sense generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

In the case at bar, the conditions the plaintiff describes, particularly considering that he spent only two days in the purportedly "condemned" building, do not to rise to the level of a constitutional violation. *See Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (spending 44 hours in a wheelchair without access to the bed in the cell was not an unconstitutional condition of confinement); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (sleeping on the floor without a mattress for one night did not give rise to a cause of action under the Fourteenth Amendment); *see also Ellis v. Hardy*, No. 08 C 8174, 2012 WL 5305530 at *1 (N.D. Ill. Oct. 25, 2012) (Gottschall, J.) (collecting cases where temporary adverse sleeping arrangements did not amount to a constitutional violation). The court is aware of no pending or resolved class action, nor any court decision, providing that inmates are entitled to compensation for being assigned to a so-called "condemned" unit for a brief period of time.

Claims of unpleasant living conditions for as short a period of time as presented in this case have been allowed to proceed only when the conditions were extreme. *See Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (entry of summary judgment reversed where prisoner claimed to have been held in cell for three to six days with no working sink or toilet, the floor was covered with water, and the walls were smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls had viable civil rights claim). The conditions the plaintiff endured in the instance case--though disagreeable and unacceptable--did not rise to such a level.

**(CONTINUED)**

**STATEMENT (continued)**

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."